```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Judson Randolph Belmont

    v.                                    Civil No. 19-cv-01155-LM
                                          Opinion No. 2020 DNH 040
Katie Love Bower, et al.


**O R D E R**

Plaintiff, Judson Belmont, proceeding pro se, brings this suit against Katie Bower, M.D., Emily Renee Faulks, M.D., and Carilion Clinic asserting claims of negligence and medical malpractice. Belmont claims that defendants provided him substandard medical treatment after he was bitten by a rattlesnake while mountain-biking in Virginia. Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) based on lack of personal jurisdiction. Doc. no. 6. Belmont objects and requests that this court transfer this suit to the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1404. Belmont also requests an expedited hearing on his request for a transfer.

**STANDARD OF REVIEW**

When a defendant contests personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of persuading the court

that jurisdiction exists.  See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998).  Where, as here, the court considers a Rule 12(b)(2) motion without holding an evidentiary hearing, the court applies the prima facie standard.  See Sawtelle v. Farrell, 70 F.3d 1381, 1386 n.1 (1st Cir. 1995).  To make a prima facie showing of jurisdiction, a plaintiff cannot rest on the pleadings, but must adduce evidence of specific facts supporting jurisdiction.  See Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995).

The court "draws the facts from the pleadings and the parties' supplementary filings, including affidavits, taking facts affirmatively alleged by the plaintiff as true and viewing disputed facts in the light most favorable to plaintiff."  Sawtelle, 70 F.3d at 1385.  The court may also consider the facts posited by defendant, to the extent they are uncontradicted.  See Mass. Sch. of Law, 142 F.3d at 34.  But the court need not "credit conclusory allegations or draw farfetched inferences."  Id. (internal quotation marks omitted).  In short, the court does not sit as a fact-finder; it "ascertains only whether the facts duly proffered, fully credited, support the exercise of personal jurisdiction."  Rodriguez v. Fullerton Tires Corp., 115 F.3d 81, 84 (1st Cir. 1997).

## BACKGROUND[1]

Belmont is a long-time resident of New Hampshire. In May 2018, he went on a mountain-biking trip in Virginia. During that trip, a rattlesnake bit his leg. He received emergency medical treatment for that bite, including surgery, at Carilion Roanoke Memorial Hospital in Roanoke, Virginia. Drs. Bower and Faulks treated Belmont and performed surgery on his leg. Both Drs. Bower and Faulks are residents of Virginia. Carilion Roanoke Memorial Hospital is a subsidiary of defendant Carilion Clinic. Carilion Clinic is a not-for-profit corporation incorporated in Virginia, with its principal place of business in Roanoke, Virginia.

In November 2019, Belmont filed this suit, claiming that Drs. Bower and Faulks negligently caused him to have permanently impaired functionality in his left leg, chronic pain, and reduced quality of life. Belmont asserts that Carilion Clinic employs Drs. Bower and Faulks and is therefore liable to him for their actions based on a theory of respondeat superior. Belmont also appears to assert that Carilion Clinic is directly liable for negligence for its failure to provide "adequate support" to Dr. Bower. Doc. no. 1 at 13. Belmont seeks to recover his

---

[1] The court draws the following facts from the complaint and from defendants' uncontested affidavits.

medical expenses, ongoing expenses related to his now-disabled leg, and relief for pain and suffering.

In January 2020, defendants moved to dismiss for lack of personal jurisdiction, arguing that all three defendants are citizens of Virginia and have no contacts with New Hampshire. Belmont filed two responses to defendants' motion. Reading those two pleadings together and construing them liberally, they communicate two points: (1) Belmont is not contesting that this court lacks personal jurisdiction over defendants; and (2) Belmont requests this court to transfer this suit to the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1404. See Sergentakis v. Channell, 272 F. Supp. 3d 221, 224 (D. Mass. 2017) ("[P]ro se pleadings are construed liberally, to avoid inappropriately stringent rules and unnecessary dismissals." (internal quotation marks omitted)).

The court construes Belmont's first response (doc. no. 10) as an objection to defendants' motion to dismiss and his second response (doc. no. 11) as a motion for change of venue. Belmont requests an "expedited hearing" on the motion for change of venue. He argues that an expedited hearing is warranted so that, if necessary, he has time to file suit in Virginia before the running of Virginia's two-year statute of limitations on

medical negligence claims.  Defendants object to Belmont's motion for change of venue and request for an expedited hearing.[2]

**DISCUSSION**

I. <u>Motion to Dismiss for Lack of Personal Jurisdiction</u>

Defendants move to dismiss this suit for lack of personal jurisdiction.  As noted above, it is Belmont's burden to demonstrate that this court can exercise personal jurisdiction over defendants.  See Mass. Sch. of Law, 142 F.3d at 34. Belmont has, in several pleadings, stated that he is choosing "not to contest the lack of personal jurisdiction" over defendants.  Doc. nos. 10 at 3, 11 at 9.[3]  As such, he has offered no specific facts supporting the exercise of this court's jurisdiction over defendants.  By contrast, each defendant has submitted an uncontested affidavit demonstrating the lack of any connection or contact with New Hampshire.  Doc.

---

[2] Belmont also filed replies to defendants' objections to his motion for change of venue and motion for an expedited hearing.  Doc. nos. 16 & 17.  To the extent Belmont requires this court's leave to file those replies under Local Rule 7.1(e), it is granted.  The court considered Belmont's replies in deciding the pending motions.

[3] Belmont's reply affirms this point.  His reply states that his motion for change of venue "was in fact a counter motion specifically stating that <u>in lieu of contesting personal jurisdiction issues</u>, that the case be transferred to another court where the substance and merits of the allegations could be weighed and adjudicated."  Doc. no. 16 at 1 (emphasis added).

5

nos. 7-1, 7-2, & 7-3. Under these circumstances, the court finds that Belmont has failed to carry his burden of showing that this court can exercise personal jurisdiction over defendants. This court therefore cannot hear this suit.

II. Motion for Change of Venue

Instead of disputing defendants' contention that this court lacks personal jurisdiction over them, Belmont asks the court to transfer this case to the United States District Court for the Western District of Virginia.[4] In support, he relies on 28 U.S.C. § 1404. Where, as here, the court lacks personal jurisdiction over defendants, transfer under § 1404(a) is "clearly inappropriate." Albion v. YMCA Camp Letts, 171 F.3d 1, 2 (1st Cir. 1999). The court therefore must deny Belmont's motion for a change of venue pursuant to 28 U.S.C. § 1404(a).

III. Transfer under 28 U.S.C. § 1631

A court that lacks personal jurisdiction over a suit may, nevertheless, transfer the action under 28 U.S.C. § 1631. Fed. Home Loan Bank of Bos. v. Moody's Corp., 821 F.3d 102, 114-19

---

[4] Belmont also requests an expedited hearing on that motion. The reasons for his request have to do with a desire for expedited treatment of his motion. Because a hearing is unnecessary and would only add unnecessary delay, the court denies Belmont's motion for an expedited hearing (doc. no. 12).

6

(1st Cir. 2016), abrogated on other grounds by Lightfoot v. Cendant Mortg. Corp., 137 S. Ct. 553 (2017). That statute provides that:

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other court . . . in which the action . . . could have been brought at the time it was filed . . . .

28 U.S.C. § 1631. In light of this authority, the court need not necessarily dismiss a suit outright when it lacks jurisdiction, see id., and a court's finding that it lacks personal jurisdiction does not necessarily moot all other pending motions, see, e.g., DeBarros v. Family Practice Grp., P.C., No. CV 19-367WES, 2019 WL 4888638, at *2-3 (D.R.I. Oct. 3, 2019) (instead of dismissing suit outright for lack of personal jurisdiction, court transferred suit under 28 U.S.C. § 1631); Photographic Illustrators Corp. v. A.W. Graham Lumber, LLC, 196 F. Supp. 3d 123, 134 (D. Mass. 2016) (same).

28 U.S.C. § 1631 establishes a "rebuttable presumption in favor of transfer" that is overcome only if the "inquiring court determines that transfer is not in the interest of justice." Fed. Home Loan, 821 F.3d at 119 (internal quotation marks omitted). In assessing whether transfer is in the interest of justice, the court should consider the "totality of the circumstances," including the relative merits of the suit and

whether transfer would unfairly benefit the proponent, impose an unwarranted hardship on an objector, or unduly burden the judicial system.  Britell v. United States, 318 F.3d 70, 74-75 (1st Cir. 2003).

A court may sua sponte order transfer under § 1631. Photographic Illustrators Corp., 196 F. Supp. 3d at 133.  Thus, the court considers whether it should transfer this case pursuant to its authority under 28 U.S.C. § 1631 by examining whether this suit could have been brought in the Western District of Virginia and whether transfer to that jurisdiction would be in the interest of justice.[5]

### A. Could Suit Have Been Brought in Western District of Virginia

The court must first determine whether this suit "could have been brought" in the Western District of Virginia.  28 U.S.C. § 1631.  To find that a suit "could have been brought" in another court, the following prerequisites must be met: the other court would have subject matter jurisdiction; the other court could exercise personal jurisdiction over defendants; and

---

[5] Defendants argue that the court's lack of personal jurisdiction over them necessarily means that the suit must be dismissed outright and, consequently, that all other pending motions are rendered moot.  Given this court's authority to transfer under § 1631, the court finds this argument unpersuasive.

8

the other court would be a proper venue. See Colon Perez v. Metan Marine, Inc., No. CV 17-2170CCC, 2018 WL 1664697, at *8 (D.P.R. Apr. 4, 2018); Cormier v. Fisher, 404 F. Supp. 2d 357, 365 (D. Me. 2005). The court will consider each of these three prerequisites below.

First, the Western District of Virginia would have subject matter jurisdiction over this action under 28 U.S.C. § 1332 based on the diversity of the parties' citizenship and the amount in controversy. A court may exercise diversity jurisdiction if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For the purposes of diversity jurisdiction, individuals are citizens of the state in which they are domiciled. Aponte-Dávila v. Municipality of Caguas, 828 F.3d 40, 46 (1st Cir. 2016). A corporation, such as Carilion Clinic, is a citizen of both its state of incorporation and the state where its principal place of business is located. Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006). Under these rules, Belmont is a citizen of New Hampshire and all three defendants are citizens of Virginia. The parties are therefore completely diverse. And Belmont has alleged that the amount in controversy is well over $75,000. See doc. no. 1 at 4. Thus, this suit could have been brought in the Western District of Virginia under 28 U.S.C. § 1332.

Second, the District Court in the Western District of Virginia could exercise personal jurisdiction over all three defendants. Carilion Clinic would plainly be subject to personal jurisdiction in the Western District of Virginia, as it is incorporated in Virginia and has its principal place of business there. See Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) (corporation subject to general personal jurisdiction in place of incorporation and principal place of business). Drs. Bower and Faulks would also be subject to personal jurisdiction in Virginia as residents of that state. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individuals' domicile . . . ."). Accordingly, this suit could have been brought in the Western District of Virginia because that court, unlike this one, could exercise personal jurisdiction over defendants.

Third, the Western District of Virginia is a proper venue for this suit. Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Here, Belmont's claimed injuries occurred while he was being treated by Drs. Bower and Faulks at the Carilion Roanoke Memorial Hospital located in Roanoke, Virginia. Roanoke is in the Western

District of Virginia, so this action could have been brought there.

In sum, at the time this suit was filed, it could have been brought in the United States District Court for the Western District of Virginia because that court would have subject matter jurisdiction, could exercise personal jurisdiction over defendants, and would be a proper venue.

B. Interest of Justice

The court next considers whether transferring this case to the Western District of Virginia, rather than dismissing it outright, is in the interest of justice. The court discerns no facts in the record that would overcome § 1631's presumption in favor of transfer. Transfer in this case would not unfairly benefit Belmont. On one hand, it will benefit him by keeping his case alive, but on the other, it will require him to litigate in a distant forum. Transfer to Virginia will also not impose an unwarranted hardship on defendants. On the contrary, it will benefit defendants by moving the suit to a forum that is more convenient for them. Further, the merits of the suit favor transfer. Belmont's claims do not appear frivolous. Indeed, despite the early stage of these proceedings, Belmont submitted several expert opinions in support of his claims.

11

Notably, a transfer to the Western District of Virginia is in the interest of justice because it will provide Belmont the opportunity to have his claims resolved on their merits. See Britell, 318 F.3d at 74. This is especially true given Belmont's pro se status and his efforts to have this suit transferred to a proper forum before the applicable statute of limitations runs. See Skillo v. United States, 68 Fed. Cl. 734, 744 (Fed. Cl. 2005) (reasoning that plaintiffs' pro se status supported finding that transfer was in interest of justice and collecting cases in support of that proposition). The court will therefore transfer this action to the United States District Court for the Western District of Virginia pursuant to its authority under 28 U.S.C. § 1631.

**CONCLUSION**

For the foregoing reasons, the court lacks personal jurisdiction over defendants and cannot hear this matter. The court therefore grants defendants' motion to dismiss for lack of personal jurisdiction (doc. no. 6). Because the court lacks jurisdiction, it must deny Belmont's motion for change of venue under 28 U.S.C. § 1404 (doc. no. 11). The court also denies Belmont's motion for an expedited hearing (doc. no. 12). Instead of dismissing the case outright, however, the court will transfer this case to another forum with jurisdiction pursuant

12

to its authority under 28 U.S.C. § 1631.  The court directs the Clerk's Office to transfer this case to the United States District Court for the Western District of Virginia.

    SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 18, 2020

cc:   Judson Randolph Belmont, pro se
      Kip Joseph Adams, Esq.